UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ALLENE FRANCIS BROOKINS,    )
    )
        Plaintiff,    )    Case No. 6:15-cv-01119-MC
    )
        v.    )    **OPINION AND ORDER**
    )
**CAROLYN W. COLVIN**,    )
Acting Commissioner of Social Security,    )
    )
        Defendant.    )
_____)


Kathryn Tassinari and Mark Manning, HARDER, WELLS, BARON & MANNING, P.C., 474 Willamette, Suite 200, Eugene, OR 97401.  Attorneys for Plaintiff.

Billy J. Williams, United States Attorney, and Janice E. Hebert, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204-2902; Lars J. Nelson, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104-7075.  Attorneys for Defendant.

**McSHANE, District Judge**.

       Allene F. Brookins ("plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying her applications

for Social Security Income ("SSI") and Disability Insurance Benefits ("DIB").  Because the Commissioner's decision is supported by substantial evidence, the decision is AFFIRMED.

## I.    BACKGROUND

### A.    The Application

Born in 1959, plaintiff was 53 years old at the time of the administrative hearing.  Tr. 42. She left school at age 14 and later earned her GED.  Tr. 75, 310.  She has past work experience as a rig operator, co-owner of a trucking business, a day spa owner, and as a caregiver.  Tr. 392. Plaintiff filed applications for SSI and DIB on March 24, 2011, alleging disability as of May 7, 2009.  Tr. 189-202.  After the Commissioner denied her applications initially and upon reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  Tr. 119-26, 134-41.  After an administrative hearing, held on September 26, 2013, the ALJ found plaintiff not to be disabled.  Tr. 18-29, 35-65.  The Appeals Council denied plaintiff's subsequent request for review on April 17, 2015, and the ALJ's decision became the final decision of the Commissioner.  Tr. 1-4.  Plaintiff seeks judicial review of that decision.

### B.    The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.,* 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 404.1520 (DIB); 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140

(1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4). The

five-step sequential process asks the following series of questions:

1.  Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.  Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in

> significant numbers in the national economy? If so, then the claimant is
> not disabled. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c);
> 416.960(c). If the claimant cannot perform such work, he or she is
> disabled. *Id.*

*See also Bustamante v. Massanari,* 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel,* 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert,* 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett,* 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante,* 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C.    The ALJ's Decision

The ALJ performed the sequential analysis. At step one, he found that plaintiff had not engaged in substantial gainful activity since October 1, 2010, the alleged onset date. Tr. 20. At step two, the ALJ concluded that plaintiff had the following severe impairments: degenerative disc disease, obesity, and osteoarthritis. *Id.* At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 24.

The ALJ next assessed plaintiff's residual functional capacity ("RFC") and found that she could perform sedentary work with the following limitations: she can occasionally climb,

frequently crawl, occasionally reach overhead, and frequently handle bilaterally.  Tr. 25.  At step

four, the ALJ found that plaintiff was able to perform her past work as a nail technician.  Tr. 28.

Accordingly, the ALJ found plaintiff was not disabled.  *Id.*

## II.    STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper

legal standards and the findings are supported by substantial evidence.  42 U.S.C. § 405(g); *see*

*also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989).  "Substantial evidence" means

"more than a mere scintilla but less than a preponderance."  *Bray v. Comm'r Soc. Sec. Admin.*,

554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th

Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion."  *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the

Commissioner's conclusion must be upheld.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th

Cir. 2005).  Variable interpretations of the evidence are insignificant if the Commissioner's

interpretation is a rational reading of the record, and this Court may not substitute its judgment

for that of the Commissioner.  *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

"However, a reviewing court must consider the entire record as a whole and may not affirm

simply by isolating a specific quantum of supporting evidence."  *Orn v. Astrue*, 495 F.3d 625,

630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)

(internal quotations omitted)).  The reviewing court, however, may not affirm the Commissioner

on a ground upon which the Commissioner did not rely.  *Id.*; *see also Bray*, 554 F.3d at 1226.

///

///

### III.    DISCUSSION

Plaintiff argues that the Commissioner erred by (1) improperly evaluating the medical opinion of treating physician Jeffrey Bert, M.D.; (2) rejecting her subjective symptom testimony; (3) failing to include her depression in the list of severe impairments at step two; and (4) finding at step four that she could perform her past work as a nail technician.

### A.    Medical Opinion of Jeffrey Bert, M.D.

The ALJ is responsible for resolving conflicts in the medical record, including conflicts among physicians' opinions. *Carmickle v. Comm'r*, 533 F.3d 1155, 1164 (9th Cir. 2008).  The Ninth Circuit distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians.  The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  A treating doctor's opinion that is not contradicted by the opinion of another physician can be rejected only for "clear and convincing" reasons.  *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991).

If a treating doctor's opinion is contradicted by the opinion of another physician, the ALJ must provide "specific, legitimate reasons" for discrediting the treating doctor's opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). In addition, the ALJ generally must accord greater weight to the opinion of an examining physician than that of a non-examining physician.  *Lester*, 81 F.3d at 830.  As is the case with the opinion of a treating physician, the ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of an examining physician.  *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990).  If the opinion of an examining physician is contradicted by another physician's opinion, the ALJ must provide "specific, legitimate reasons" for discrediting the examining physician's opinion.  *Lester*, 81 F.3d

at 830.  Specific, legitimate reasons for rejecting a physician's opinion may include its reliance

on a claimant's discredited subjective complaints, inconsistency with medical records,

inconsistency with a claimant's testimony, and inconsistency with a claimant's daily activities.

*Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008); *Andrews*, 53 F.3d at 1039.  It is error

to ignore an examining physician's medical opinion without providing reasons for doing so.  An

ALJ effectively rejects an opinion when he ignores it.  *Smolen v. Chater*, 80 F.3d 1273, 1286

(9th Cir. 1996).

      Treating orthopedic surgeon Jeffrey Bert, M.D. performed plaintiff's neck surgery in

2004, before her alleged onset date.  Tr. 349, 355.  Dr. Bert completed a medical evaluation form

in February, 2011, indicating cervical disc herniation, lumbar pain, and morphine addiction.  Tr.

305-07.  He noted a positive MRI of cervical disc, and wrote that plaintiff would have to lie

down or rest periodically during the day because of her impairments.  Tr. 306.  Dr. Bert found

that plaintiff could stand and walk at least two hours and sit for less than six hours in an eight-

hour workday.  *Id.*  He opined that she could occasionally lift 10 pounds, and would be unable to

maintain a regular work schedule for two days per month.  Tr. 307.

      In May, 2011, Dr. Bert examined plaintiff and noted that she was suffering from neck and

low back pain that caused her to stop work as a nail technician.  Tr. 355.  He also noted panic

attacks, limited motion in plaintiff's neck, and weakness, and diagnosed probable spondylosis

and stenosis at C4-5.  Tr. 356.  In July, 2011, Dr. Bert noted a moderate herniation at 6-7 and

prescribed physical therapy.  Tr. 353.

      As an initial matter, Dr. Bert's opinion conflicted with the medical opinion of state

agency physician Dr. Lahr.  Because Dr. Bert's opinion was controverted by other medical

evidence in the record, the ALJ was required to provide specific, legitimate reasons for rejecting it. *Lester*, 81 F.3d at 830.

The ALJ rejected the opinion of treating physician Dr. Bert primarily because his opinion was based on plaintiff's subjective symptom reports, which the ALJ found to be not credible. While plaintiff argues that Dr. Bert's opinion was consistent with the other medical evidence in the record and was therefore not based entirely on her testimony, this does not follow. The fact that Dr. Bert assessed limitations similar to those of other medical providers does not indicate that he relied upon other medical evidence in formulating his conclusions.

The ALJ also found that Dr. Bert's opinion was brief, conclusory, and not clearly based on objective findings. The ALJ is not required to accept an opinion that is not supported by clinical findings, or is brief or conclusory. *Taylor v. Commissioner Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011). Under the Regulations, "[t]he more a medical source presents relevant evidence to support an opinion … the more weight we will give that opinion." 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3). Here, the ALJ found that Dr. Bert's opinion rendered during the relevant period was apparently based on plaintiff's subjective complaints, because he did not cite to relevant medical records as a basis for his opinion and examined plaintiff only one time during the relevant period. Tr. 305-06. While Dr. Bert noted the diagnoses of cervical disc herniation and positive MRI of the cervical disc, he cited only to records from before the alleged onset date. Tr. 305-06, 357-59, 365-68. Medical opinions premised on evidence that predate the alleged onset date "are of limited relevance." *See Carmickle*, 533 F.3d at 1165. As Dr. Bert failed to provide contemporaneous, direct support for his medical conclusions, the ALJ was entitled to assign less weight to his opinion. 20 C.F.R. §§ 404.1527(c)(3), 416.927(c)(3); *see also Taylor*, 659 F.3d at 1232. While plaintiff presents an alternative interpretation of the

medical record, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch*, 400 F.3d at 679.

**B.      Plaintiff's Testimony**

Plaintiff also argues that the ALJ erred by rejecting her subjective symptom testimony. There is a two-step process for evaluating the credibility of a claimant's own testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 504 F.3d at 1036 (quotation marks and citation omitted). When doing so, the claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen*, 80 F.3d at 1282.

Second, "if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991)).

The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. The Commissioner recommends assessing the claimant's daily activities; the location, duration, frequency, and intensity of the individual's pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; and any measures other than treatment the individual uses or has used to relieve pain or other symptoms. *See* SSR 96–7p, 1996 WL 374186 (Jul. 2, 1996).

Further, the Ninth Circuit has said that an ALJ "may consider ... ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, ... other testimony by the claimant that appears less than candid [, and] unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment." *Smolen*, 80 F.3d at 1284. The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883. The ALJ's credibility decision may be upheld overall even if not all of the ALJ's reasons for rejecting the claimant's testimony are upheld. *See Batson*, 359 F.3d at 1197.

Plaintiff testified that she stopped working primarily due to pain, but could not afford treatment for arthritis or counseling. Tr. 51, 52, 56. Plaintiff testified that she had been bedridden for about three and one-half months prior to the hearing in September, 2013. If she walks without a cane, she has problems with her hips and knees. Tr. 53. She testified that she

Page 10 – OPINION AND ORDER

suffered from depression, suicidal ideation, and difficulty sleeping and taking care of her personal hygiene due to pain. Tr. 57-59. She alleged that she was completely disabled due to her symptoms and limitations.

The ALJ rejected plaintiff's testimony as to the nature and extent of her limitations. First, the ALJ found that plaintiff's activities are inconsistent with the level of impairment alleged in her testimony. Tr. 27. Evidence of an active lifestyle can undermine a disability claimant's credibility, *Bray*, 554 F.3d at 1226-27, and daily activities that are inconsistent with alleged symptoms are a relevant credibility consideration. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). For example, while plaintiff testified that she was completely bedridden prior to the hearing, medical records show that she was able to climb a six foot ladder in July, 2013, in an attempt to hang a picture. Tr. 53, 402. Plaintiff also testified that she can only walk a few steps without using canes, cannot carry a purse, and relies on her sister for all chores. Tr. 53-54. By contrast, plaintiff reported elsewhere that she is able to prepare meals and visit family members, and denied any limitations on her ability to perform personal activities of daily living. Tr. 255, 310, 341. Plaintiff also reported that she can walk "long enough for groceries," care for her pet, and can perform some household chores. Tr. 254, 256, 258. While susceptible to multiple interpretations, it was reasonable for the ALJ to conclude from this evidence that her testimony regarding the severity of her symptoms and limitations was less than credible. The ALJ therefore provided one clear and convincing for rejecting plaintiff's subjective symptom testimony. *Rollins*, 261 F.3d at 857.

Second, the ALJ found that the objective medical evidence in the record undermines plaintiff's testimony. Tr. 26. Medical evidence is a relevant factor in the ALJ's credibility determination, but a claimant's testimony "cannot be rejected on the sole ground that it is not

fully corroborated by objective medical evidence." *Rollins*, 260 F.3d at 857.  Here, the ALJ

noted that plaintiff's most recent MRI revealed no significant abnormalities or stenosis other

than a moderate disc herniation at 6-7.  Tr. 26, 318, 353, 375-76.  Further, imagining of

plaintiff's shoulder revealed no acute findings.  Tr. 331.  X-rays of plaintiff's spine also revealed

some deterioration, but no acute findings.  Tr. 27, 352.  It was reasonable for the ALJ to

conclude that this evidence does not support the severe limitation alleged in plaintiff's testimony.

While the ALJ may not make a negative credibility finding "solely because" plaintiff's testimony

"is not substantiated affirmatively by objective medical evidence," *Robbins*, 466 F.3d at 883,

lack of support from medical evidence supports the ALJ's rejection of plaintiff's testimony.

*Rollins*, 260 F.3d at 857.  Because the ALJ provided at least one clear and convincing reason for

rejecting plaintiff's subjective symptom testimony, the lack of corroborating medical evidence

support his findings, and his credibility determination is affirmed.

## C.    Step Two Findings

Plaintiff next argues that the ALJ erred by omitting her depression from the list of severe

impairments at step two.  At step two of the sequential evaluation, the ALJ determines whether

the claimant has a medically severe impairment or combination of impairments.  20 C.F.R. §

404.1520(a).  Step two findings must be based upon medical evidence.  *Id*.  An impairment is

"not severe" if it "does not significantly limit [the claimant's] ability to do basic work activities."

*Id*.  "Omissions at step two are harmless if the ALJ's subsequent evaluation considered the effect

of the impairment omitted at step two."  *Harrison v. Astrue*, 2011 WL 2619504, *7 (D. Or. July

1, 2011) (citing *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007)).

The ALJ resolved step two in plaintiff's favor.  Tr. 20.  In assessing plaintiff's mental

impairments, the ALJ reviewed the opinions of Charles Regan, M.D., and Scott Alvord, Psy.D.,

who both described mental symptoms but did not assess specific limitations in plaintiff's ability to perform basic work activities.  Tr. 21-22, 308-13, 340-43.  Based on this evidence, the ALJ reasonably determined that plaintiff had mild limitations in functioning due to her mental impairments.  Tr. 23.

Plaintiff argues that the ALJ erred at step two because it caused him to omit from her RFC the limitation that she should be isolated from others due to her PTSD and panic with agoraphobia, based on Dr. Reagan's finding that plaintiff's "adaptive skills" were to isolate herself from outside activities.  Tr. 57, 311, 393.  Where the evidence is susceptible to more than one rational interpretation, however, the Commissioner's conclusion must be upheld.  *Burch*, 400 F.3d at 679.  Here, the ALJ's interpretation of the medical evidence of plaintiff's mental impairments was reasonable, and the court cannot overturn his findings.  Plaintiff has failed to show harmful error at step two.  *Lewis*, 498 F.3d at 911.

## D.    Step Four Findings

Plaintiff argues, finally, that the ALJ erred at step four in finding that she can perform her past work as a nail technician.  Because the ALJ did not err at step two, his credibility determination, or in his analysis of the medical evidence, his RFC formulation is free of legal error.  The ALJ's step four findings were based upon the RFC and the testimony of the Vocational Expert.  Tr. 25-28, 63.  On this record, the ALJ's step four findings were supported by substantial evidence in the record, and are affirmed.

///

///

///

///

## IV.    CONCLUSION

The Commissioner's decision that plaintiff is capable of performing her past work as a nail technician is supported by substantial evidence in the record and is therefore AFFIRMED.

IT IS SO ORDERED.

DATED this   19th   day of October, 2016.

_____
Michael McShane
United States District Judge